UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLINGTON BABB,

      Plaintiff,

    CASE NO.:

-vs-

CREDIT ONE FINANCIAL,

      Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2.    "Robocalls" are the #1 consumer complaint in America today.

3.    The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop calling. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report the number of complaints have increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

4.    According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC

every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

5.      The TCPA was enacted to prevent companies like CREDIT ONE FINANCIAL from invading American citizen's privacy and prevent abusive "robo-calls."

6.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

7.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

8.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

9.      The alleged violations described in the Complaint occurred in Florida.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Florida

11.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

12.     Plaintiff is an "alleged debtor."

13.     Plaintiff is the "called party." See _Breslow v. Wells Fargo Bank, N.A._, 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

14.     Defendant, is a corporation which was formed in Nevada with its principal place of business at 585 Pilot Road, Las Vegas, NV 89119, and conducting business in the state of Florida through its registered agent, National Registered Agents, Inc. of NV, 710 South Carson Street, Suite 200, Carson City, NV 89701.

15.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

16.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

17.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

18.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19.     Defendant made at least one call to the Plaintiff using an "automatic telephone dialing system (ATDS).

20.     Defendant made at least one hundred (100) calls to the Plaintiff using an ATDS.

21.     Each call the Defendant made to the Plaintiff in the last four years was made using an ATDS.

22.     Each call made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

23.     Furthermore, upon information and belief, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

24.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

25.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (***) ***-3562, and was the called party and recipient of Defendant's above described calls.

26.     In or about April of 2015, Plaintiff received a telephone call to his aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (732) 867-5635, (866) 473-0951, (973) 796-2524, (470) 225-2573, (855) 344-7841, (610) 297-8668 and (843) 619-4191.

27.     Due to the ceaseless barrage of calls to his aforementioned cellular telephone number from Defendant, on or about June 12, 2015, Plaintiff answered a call from the Defendant and informed an agent/representative of the Defendant that their incessant calls were harassing him and demanded that Defendant cease placing calls to his aforementioned cellular telephone number.

28.     On or about June 12, 2015, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

29.     Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

30.     Additionally, on or about June 27, 2015, due to the ceaseless barrage of calls to his aforementioned cellular telephone number from Defendant, Plaintiff answered a call from the Defendant, explained that he has told them to stop calling before, and again demanded that Defendant stop calling his aforementioned cellular telephone number.

31.     Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

32.     Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone number in an attempt to collect a debt.

33.     From about May of 2015 through the filing of this Complaint, Defendant placed approximately (150) automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendant's records), despite the Plaintiff revoking any consent Defendant may have had to place calls to his aforementioned cellular telephone number.

34.     Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

35.     Defendant's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

36.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

37.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  The Defendant has been sued civilly in Federal Court 167 times in the last three (3) years (Attached hereto as Exhibit "A").

38.     the last three (3) years, the Defendant has had 479 complaints reported to the Better Business Bureau (BBB)[1], of which 340 of those complaints are classified as being related to "Billing/Collection Issues" (attached hereto as exhibit "B").

39.     Defendant violated the TCPA with respect to the Plaintiff.

40.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

41.     Plaintiff incorporates Paragraphs one (1) through forty (40).

42.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

43.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

---

[1] Retrieved from http://www.bbb.org/southern-nevada/business-reviews/credit-cards-and-plans/credit-one-bank-in-las-vegas-nv-48541 on 3/29/2016.

## COUNT II
### (Violation of the FCCPA)

44.     Plaintiff incorporates Paragraphs one (1) through forty (40).

45.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48.     Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

49.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.


Respectfully submitted,

*s/Billy Howard*
William Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
Amanda J. Allen, Esquire
Florida Bar No. 98228
Amanda@TheConsumerProtectionFirm.com

The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele:  (813) 500-1500
Fax:  (813) 435-2369
Attorney for Plaintiff