UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARLINGTON BABB,

    Plaintiff,

v.                                                           Case No: 2:16-cv-00266-SPC-CM

CREDIT ONE FINANCIAL,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant, Credit One Financial's, Motion to Dismiss and Compel Arbitration and Incorporated Memorandum of Law (Doc. #13) dated June 15, 2016.  Plaintiff, Arlington Babb, filed a Notice of Non-Objection and Incorporated Memorandum of Law (Doc. #17) on June 29, 2016.  This matter is ripe for review.

## BACKGROUND

This case is about a debt-collection practice in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227 et seq. (TCPA) and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 et seq. (FCCPA).  (Doc. #6 at ¶¶ 1, 18).  Defendant, a debt collector, frequently harassed the Plaintiff, a consumer and alleged debtor, by telephone, in an attempt to collect on Plaintiff's debt.  (*Id*. at ¶¶ 11-18).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant, using an automatic telephone dialing system (ATDS), made at least one-hundred, pre-recorded telephone calls to Plaintiff's telephone number. (*Id.* at ¶ 20). On June 12, 2015, Plaintiff answered a telephone call from Defendant and demanded that Defendant cease calling Plaintiff's telephone number. (*Id.* at ¶ 28). During this conversation, Plaintiff also revoked any express consent by the Defendant to call Plaintiff. (*Id.* at ¶ 29). Nevertheless, Defendant continued calling Plaintiff. (*Id.* at ¶ 30). On June 27, 2015, Plaintiff answered Defendant's call and again demanded Defendant to cease calling. (*Id.* at ¶ 31). From the filing of this lawsuit, Plaintiff received approximately 150 automated calls from Defendant. (*Id.* at 36).

On April 8, 2016, Plaintiff commenced this suit in the Middle District of Florida, Fort Myers Division. (Doc. #1). Plaintiff timely filed his First Amended Complaint (Doc. #6) on April 21, 2016. Defendant now moves to dismiss the lawsuit with prejudice and compel arbitration. (Doc. #13). Defendant's motion is unopposed by Plaintiff. (Doc. #17).

## DISCUSSION

Under the Federal Arbitration Act (FAA), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1947). There is a "liberal federal policy favoring arbitration agreements . . . ." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Courts shall "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "The FAA places arbitration agreements on equal footing with all other contracts and sets forth a clear presumption—'a national policy'—in favor of arbitration." P*arnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) (citations omitted). Courts look to three factors in

assessing a motion to compel arbitration: "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived." *Dukes v. Sai Fort Myers B, LLC*, No. 2:14-cv-287-FtM-38DNF, 2015 WL 3650804, at *2 (M.D. Fla. June 11, 2015) (citations omitted).

Turning to this action, Defendant argues that Plaintiff agreed to arbitrate her claims. (Doc. #13 at 1-2). Defendant's motion is unopposed by Plaintiff. (Doc. 17). Pursuant to the Cardholder Agreement (the "Agreement") between the parties, Plaintiff agreed to mandatory, binding arbitration. (Doc. #13 at 4). The Agreement, in pertinent part, provides that either party "can require that any controversy or dispute be resolved by binding arbitration." (*Id.*). The Agreement specifies that debt-collection matters are subject to arbitration. (Doc. #13 at 4). Because Plaintiff does not challenge "the making, content, validity, or enforceability of the Agreement, the Court finds that the parties entered into a valid arbitration agreement." (Doc. #17). *Dukes*, 2015 WL 3650804, at *3 (citing *Lemmon v. Lincoln Prop. Co.*, 307 F. Supp. 2d 1352, 1355 (M.D. Fla. 2004). Consequently, Plaintiff's claims fall within the scope of the arbitration clause. Additionally, the parties "have not waived the right to arbitrate." *Dukes*, 2015 WL 3650804, at *3 (citing I*n re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (citation omitted)) ("Waiver occurs when both: (1) the party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party.").

Therefore, the Court finds that a valid, enforceable arbitration agreement exists between the parties that governs Plaintiff's claims.

Accordingly, it is now

**ORDERED:**

1. Defendant, Credit One Financial's, Motion to Dismiss and Compel Arbitration (Doc. #13) is **GRANTED**. The parties shall proceed to **arbitration**.

2. All proceedings in this action are **STAYED** until notification by the parties that arbitration has been completed and that the stay is due to be lifted, or the case is due to be dismissed. The parties shall notify the Court of such matters within **seven (7) days** of the conclusion of the arbitration proceedings.

3. The parties are **DIRECTED** to file a joint written status report regarding the status of arbitration on or before October 18, 2015, and every **ninety (90) days** until the conclusion of the arbitration proceedings.

4. The Clerk is **DIRECTED** to add a stay flag.

**DONE** and **ORDERED** in Fort Myers, Florida this day of 22nd day of July, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record